JS 44 (Rev. 02/19) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
D.P., a minor by his parents and natural guardians, CRISTINE and DAVID PAGAN

**DEFENDANTS**
(see attachment)

19 5799

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(see attachment)

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C § 1983 — 14th AMENDMENT
Brief description of cause:
Minor exposed to lead and suffered injuries as a result

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DEC 10 2019

DATE
12/10/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19 5799

Address of Plaintiff: 125 Forest Avenue, Apt 3B, Ambler, PA 19002

Address of Defendant: 440 N Broad St, Philadelphia, PA 19130

Place of Accident, Incident or Transaction: 1001 Byberry Road, Philadelphia, PA 19116

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/10/19 _____ _____
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Stephen M. Specht, Esquire , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DEC 10 2019

DATE: 12/10/2019 _____ 326398
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| D.P., a minor by his parents and natural guardians, CRISTINE and DAVID PAGAN | : | CIVIL ACTION |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | NO. 19   5799 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| | | |
|---|---|---|
| 12/10/2019 | Stephen M. Specht, Esq. | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-462-3330 | 215-567-1941 | sspecht@greenlegalteam.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 10 2019

Plaintiffs:
**D.P., a minor by his parents and natural guardians, CRISTINE and DAVID PAGAN**

Counsel for Plaintiffs:
LEVY KONIGSBERG LLP
**D. Alexander Latanision, Esq.**; email *alatanision@levylaw.com*
800 Third Ave., 11th Floor
New York, NY 10022
Phone:  (212) 605-6200
Fax:  (212) 605-6290

GREEN AND SCHAFLE LLC
**Adam Green, Esq.**; email *agreen@greenlegalteam.com*
**Stephen M. Specht, Esq.**; *email agreen@greenlegalteam.com*
100 S. Broad Street
Suite 1218
Philadelphia, PA 19110
Phone:  (215) 462-3330
Fax:  (215) 567-1941

Defendants:
**SCHOOL DISTRICT OF PHILADELPHIA;**
**CITY OF PHILADELPHIA;**
**WATSON T. COMLY SCHOOL;**
**KATE SYLVESTER** (Principal of the Watson T. Comly School in the School District of Philadelphia) ;
**CAROLINE JOHNSON** (Acting Deputy Commissioner of the City of Philadelphia Dept. of Health);
**FRANCINE LOCKE** (Environmental Director in the School District of Philadelphia; and
**MICHAEL GRUMAN.**

$400

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| D.P., a minor by his parents and natural guardians, CRISTINE and DAVID PAGAN<br><br>            Plaintiff,<br><br>    v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA, CITY OF PHILADELPHIA, WATSON T. COMLY SCHOOL, KATE SYLVESTER, CAROLINE JOHNSON, FRANCINE LOCKE, and MICHAEL GRUMAN<br><br>            Defendants. | No.  19  5799<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES AND JURY DEMAND

*"No safe blood lead level in children has been identified. Even low levels of lead in blood have been shown to affect IQ, ability to pay attention, and academic achievement. And effects of lead exposure cannot be corrected. The most important step parents, doctors, and others can take is to **prevent lead exposure before it occurs.**" – Centers for Disease Control*

On behalf of their minor child, D.P., Cristine and David Pagan file this Complaint against the City of Philadelphia, Caroline Johnson (collectively, the "City Defendants"), the School District of Philadelphia, the Watson T. Comly School, Kate Sylvester, Francine Locke (collectively, "School Defendants") and Michael Gruman and allege as follows:

## INTRODUCTORY STATEMENT

1.    This civil action is pursued on behalf of a minor, D.P., the victim of Defendants' unconstitutional and unlawful conduct, who has experienced serious civil rights violations and personal injuries caused by Defendants' deliberate, reckless and negligent misconduct.

2.    The City of Philadelphia, together with the School District of Philadelphia and their respective agents/employees, caused a public health crisis by failing to properly inspect the

Watson T. Comly Elementary School for toxic lead-based paint, for allowing young children to occupy classrooms contaminated with hazardous lead, by failing to warn students, parents and teachers of the presence of lead in a timely fashion, and by failing to perform timely repair/remediation of known lead hazards.

3.      Three groups of defendants are responsible for the harm suffered by Minor Plaintiff: (1) a group of City officials and bodies, including the City of Philadelphia and Deputy Commissioner of the Philadelphia Department of Public Health, Caroline Johnson; (2) a group of school officials and bodies, including the School District of Philadelphia, the Watson T. Comly School, the Principal of the Watson T. Comly School, Kate Sylvester, the Environmental Director for the School District of Philadelphia, Francine Locke; and (3) at least one private individual, Michael Gruman, also played a role in causing the harm.

## SUMMARY OF THE CITY OF PHILADELPHIA'S MISCONDUCT

4.      *Due process based on state created danger doctrine*: Minor Plaintiff has sustained violations of his substantive due process rights, including his fundamental right to not have the state create, inflict and/or exacerbate dangers through the culpable actions of public officials.

5.      *Due process based on bodily integrity doctrine*: Minor Plaintiff has sustained violations of his substantive due process rights, including his fundamental right to not have his bodily integrity violated.

6.      Negligence/recklessness: Minor Plaintiff has sustained serious harm as a result of Defendant's negligence in allowing Minor Plaintiff to occupy a school environment which Defendant knew or should have known was contaminated with toxic lead-based paint.

## SUMMARY OF THE SCHOOL DEFENDANTS' MISCONDUCT

7.      *Due process based on state created danger doctrine*: Minor Plaintiff has sustained violations of his substantive due process rights, including his fundamental right to not have the state create, inflict and/or exacerbate dangers through the culpable actions of public school officials.

8.      *Due process based on bodily integrity doctrine*: Minor Plaintiff has sustained violations of his substantive due process rights, including his fundamental right to not have his bodily integrity violated.

9.      *Negligence/recklessness:* Minor Plaintiff has sustained serious harm as a result of Defendant's negligence in allowing Minor Plaintiff to occupy a school environment which Defendant knew or should have known was contaminated with toxic lead-based paint.

## SUMMARY OF DEFENDANT GRUMAN'S MISCONDUCT

10.     *Negligence/recklessness:* Minor Plaintiff has sustained serious harm as a result of Defendant's negligence in allowing Minor Plaintiff to move into a residence which Defendant knew or should have known was contaminated with toxic lead-based paint.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims that arise under federal law.

12.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims arise from the same acts and transactions that give rise to Plaintiff's federal claims.

3

13.     This Court has personal jurisdiction over Defendants because Defendants reside in this District and the acts that form the basis of this Complaint occurred, in substantial part, in this District.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Defendants reside in this District and a substantial part of the acts or omissions that give rise to this action occurred in this District.

### PLAINTIFF

15.     Plaintiff D.P. is a minor child residing in Philadelphia, Pennsylvania.   Cristine and David Pagan are the parents and natural guardians of Minor Plaintiff, D.P.   Minor Plaintiff and his parents reside at 125 Forest Avenue, Apt 3B, Ambler, PA 19002.

### DEFENDANTS

16.     All individual employees/agents of the City and School Defendants are sued in their individual and/or official capacities as indicated below.

17.     Defendant City of Philadelphia is a municipality organized under the laws of the Commonwealth of Pennsylvania.   The City of Philadelphia's Department of Health was created by an Ordinance of December 31, 1919 to succeed the Department of Health Charities.

18.     Defendant Caroline Johnson ("Johnson)" is a Pennsylvania resident and is the current Deputy Health Commissioner for the City of Philadelphia Department of Public Health. Defendant Johnson is sued in both her individual and official capacities.   She is individually liable insofar as she personally approved of, and thereby participated in, the decisions that created, increased and prolonged the public health crisis in this case.   Defendant Johnson is also sued because she conspired with other defendants to deprive Minor Plaintiff of his civil and constitutional rights.   Additionally, at all relevant times, Defendant Johnson was a policymaker

4

for the City of Philadelphia within the meaning of *Monell* and as such her actions constituted customs, policies and/or practices of Defendant City of Philadelphia.

19.     Defendant School District of Philadelphia is a corporation and/or political subdivision formed and existing under the laws of the Commonwealth of Pennsylvania and organized under the Public School Code of 1949 with its principal place of business located at 440 North Broad Street, Philadelphia, PA 19130.   It is the eighth largest school district in the nation, by enrollment, serving over 200,000 students.   The School District of Philadelphia oversees and manages the Watson T. Comly Elementary School located at 1001 Byberry Road, Philadelphia, PA 19116.

20.     Defendant Watson T. Comly School is a public elementary school overseen by the School District of Philadelphia and built in the 1890s.   It is located at 1001 Byberry Road, Philadelphia, PA 19116.

21.     Defendant Kate Sylvester ("Sylvester") is a Pennsylvania Resident and is the current Principal of the Watson T. Comly Elementary School.   Defendant Sylvester is sued in both her individual and official capacities.   She is individually liable insofar as she personally approved of, and thereby participated in, the decisions that created, increased and prolonged the public health crisis in this case.   Defendant Sylvester is also sued because she conspired with other defendants to deprive Minor Plaintiff of his civil and constitutional rights.   Additionally, as School Principal, she was a policymaker for the School District of Philadelphia within the meaning of *Monell* and as such her actions constituted customs, policies and/or practices of Defendant School District of Philadelphia.

22.     Defendant Francine Locke ("Locke") is a Pennsylvania resident and is the current Environmental Director for the School District of Philadelphia.   Defendant Locke is sued in

both her individual and official capacities.   She is individually liable insofar as she personally approved of, and thereby participated in, the decisions that created, increased and prolonged the public health crisis in this case.   Defendant Locke is also sued because she conspired with other defendants to deprive Minor Plaintiff of his civil and constitutional rights.   Additionally, as Environmental Director, she was a policymaker for the School District of Philadelphia within the meaning of *Monell* and as such her actions constituted customs, policies and/or practices of Defendant School District of Philadelphia.

## OTHER DEFENDANTS

23.   Defendant Michael Gruman ("Gruman") is a Pennsylvania resident of the Commonwealth of Pennsylvania, residing at 367 Selma Street, Philadelphia, Pennsylvania 19116.   At all relevant times, Defendant Gruman was in the business of owning, selling, leasing, managing, and/or maintaining residential properties, including 11890 Bustleton Avenue, Philadelphia, Pennsylvania 19116 (the "Subject Residential Premises").

## STATEMENT OF FACTS

*A. What is Lead?*

24.   Lead is a naturally occurring element found in the earth's crust.

25.   Lead is eternal; it cannot be altered and it cannot be diluted.

26.   Like all elements, lead will exist forever, in the same quantity that it exists today and has existed since the beginning of time.

27.   Lead is a neurotoxin, so when people, specifically children under the age of seven, absorb certain quantities of lead, brain damage can result.

28. The term "lead poisoning" really means brain poisoning.

29. In the last hundred years, lead was most commonly known for its use in gasoline.

30. Lead was first added to gasoline in the 1920s to reduce knocking or pinging within internal combustion engines.

31. Due to the harmful effects of leaded gasoline on people's health, as well as its negative environmental impact, leaded gasoline was phased out through various legislative efforts.

32. Unleaded gasoline was introduced to the mainstream in 1974.

33. Today, the most widespread place where lead is found is in old paint.

34. Buildings constructed before 1978 typically contained paint that was lead-based.

35. Lead in paint served as filler and as a whitening agent.

36. The use of lead based paint was banned by Pennsylvania and by the Federal Government in 1978.

37. Lead-based paint becomes dangerous to young children when it chips, flakes or is contained on friction surfaces, like windowsills, where dust can be created.

38. The units of measurement are difficult to understand, micrograms (or millionths of a gram) per deciliter of blood, abbreviated ug/dL, but the trend is obvious: in 1970 the Centers for Disease Control ("CDC") declared that blood lead levels higher than 40 micrograms per deciliter were considered elevated; in 1991 the same agency decreased the threshold to be 10 micrograms, or 75 percent less; in 2012, the CDC began using a reference level of just 5 micrograms per deciliter to identify children with unsafe, elevated blood lead levels.

39. The CDC has stated that there is no "safe" blood lead level.

40. Children, particularly very young children, are most susceptible to ingesting lead

paint because of how their mobility evolves – from rolling around on the ground, to learning to crawl, to learning to prop oneself up, to being able to stand, to walking.

41.     Children are more prone to placing things in their mouth, so the dust that might accumulate on a friction surface can easily find its way to a child's hand and mouth.

42.     To compound matters, lead-based paint chips have a sweet taste, so that if a child puts one in his or her mouth, he or she will likely enjoy the taste and be prone to do it repeatedly.

43.     Unlike polio, chickenpox, and the flu, there is no vaccine for lead poisoning. There is also no cure. Once a child ingests a certain amount of lead he will be lead-poisoned. Even if the lead is flushed from his body, the harm that occurs is irreversible.

44.     Children, including Minor Plaintiff, have needlessly been exposed to lead-based paint and lead-based paint hazards as a result of Defendants' complete failure in inspecting and remediating their properties.

*B.  Facts Pertaining to City Defendants and School Defendants*

45.     At all relevant times, Defendant, School District of Philadelphia, was the owner, operator, manager, supervisor, director, and/or controller of Defendant, Watson T. Comly Elementary School, which is located at 1001 Byberry Road, Philadelphia, Pennsylvania 19116 (the "Subject School Premises").

46.     Defendant, Watson T. Comly School, is a public elementary school, established, organized, created, administered by and managed by Defendant, School District of Philadelphia.

47.     Upon information and belief, the Subject School Premises was constructed before the use of interior lead-based paint was banned in 1978.

48.     At all relevant times, Defendants School District of Philadelphia and/or Watson Comly School, were acting as the property owner and/or manager with complete and exclusive

8

control of the Subject School Premises and owed a duty to Plaintiff to ensure the Subject School Premises was safe for occupancy and school attendance.

49.     At all relevant times, Minor Plaintiff was a student enrolled in the Philadelphia School District and attended the Watson Comly School, located at 1001 Byberry Road, Philadelphia, PA 19116, as required by compulsory attendance laws in accordance with 22 Pa. Code §§ 11.12—.15.

50.     In the fall of 2016, Minor Plaintiff was enrolled in kindergarten at the Watson T. Comly Elementary School.

51.     As early as April of 2017, Minor Plaintiff's kindergarten teacher, Beth Spangler, observed that Minor Plaintiff had a tendency to place non-food items, such as school erasers, into his mouth.

52.     In the fall of 2017, Minor Plaintiff was enrolled in the first grade at the Watson T. Comly Elementary School.

53.     Sometime between the beginning of September 2017 and early November 2017, Minor Plaintiff's first grade teacher observed Minor Plaintiff to be eating paint chips that had fallen from the ceiling of Classroom 202 in the Watson Comly School.

54.     Minor Plaintiff's parents were notified concerning this situation and Minor Plaintiff began receiving medical treatment on November 8, 2017.

55.     Minor Plaintiff underwent several blood tests to assess the concentration of lead in his blood.

56.     On November 13, 2017, Minor Plaintiff was tested and found to have an extremely high blood lead level of 46 µg/dL (micrograms of lead per deciliter of blood).

57.     On that same day, Minor Plaintiff was admitted to St. Christopher's Hospital for Children in Philadelphia, Pennsylvania due to lead toxicity.

58.     Upon information and belief, Minor Plaintiff's physicians notified Watson T. Comly school officials of Minor Plaintiff's elevated lead test results, as required by law.

59.     On November 15, 2017, school officials hired Criterion Laboratories, Inc., to perform a lead-based paint inspection of two (2) areas inside the school, Minor Plaintiff's classroom (202) and the bathroom in Classroom 104, which Minor Plaintiff occupied during the prior school year.

60.     Multiple areas in both of these locations tested positive for lead-based paint in concentrations that exceeded standards set by both the U.S. Department of Housing and Urban Development (HUD) and the City of Philadelphia's Department of Health.

61.     On November 15, 2017, Defendant Caroline Johnson, Acting Deputy Commissioner of the Philadelphia Department of Health, was informed by Defendant Francine Locke, Philadelphia School District Environmental Director, that a first grade student at the Watson T. Comly School was suffering from lead poisoning.

62.     Defendant Johnson was further informed by Defendant Locke of the following facts: (1) that a teacher at the Subject School Premises observed this student eating paint chips in his classroom, (2) that this student tested with a blood lead level in excess of 40 micrograms per deciliter, and (3) that according to Defendant Kate Sylvester, Principal of the Watson T. Comly School, that this student was "displaying behavioral issues that could be associated with lead exposure."

63.     Defendant Locke also informed Defendant Johnson that the entire first grade class of students had been relocated to a different room.

64.     Despite the above, when Defendant Locke sought guidance from Defendant Johnson and asked: "Is there anything you recommend we do at this point?   Any information we should share with the community?"   Defendant Johnson replied, "I wouldn't notify the community yet.   Not really clear if there is a problem."

65.     On November 17, 2017, school officials had reportedly drafted a letter to parents of students of the Watson Comly School, which was approved by the Philadelphia Department of Public Health.

66.     The purpose of this letter was to inform parents of the presence of toxic lead in the Watson Comly School.

67.     However, Defendant Locke decided not to send this letter to parents, but instead to merely provide the letter to Defendant Sylvester to serve as her talking points during a routine "Coffee at Comly" parent meeting the following week.

68.     School officials, including Defendant Locke, further agreed that the letter should not be distributed to parents at the Coffee at Comly meeting, but that these parents should be used "as a little focus group" which would allow School Defendants to gauge "parent reaction" to the news that lead was found inside the Watson Comly School.

69.     School officials would then revise the letter after the meeting if parent reaction "force[d]" them to do so.

70.     This course of action was deemed a "great idea" by Assistant Superintendent Dion Betts.

71.     It is unknown what information, if any, was provided to parents at the Coffee at Comly meeting.

72.     On November 27, 28 and 29, 2017, Criterion Laboratories, Inc., performed an

additional inspection of what was reported to be the interior of the "entire" Watson Comly
School to explore the condition of painted surfaces for lead.

73.     The results of this inspection revealed the presence of lead-based paint and/or
paint dust in 71 locations throughout the school.

*C. Facts Pertaining to Defendant Michael Gruman*

74.     Defendant Michael Gruman is a citizen and resident of the Commonwealth of
Pennsylvania, residing at 367 Selma Street, Philadelphia, Pennsylvania 19116.

75.     At all relevant times, Defendant Gruman was in the business of owning, selling
leasing, managing and/or maintaining residential properties, including owning, directing,
performing, overseeing and supervising the maintenance of 11890 Bustleton Avenue,
Philadelphia, Pennsylvania (the "Subject Residential Premises").

76.     Upon information and belief, on or about March 27, 2013, Minor Plaintiff's
parents and natural guardians, Cristine and David Pagan, entered into a lease agreement to rent
the Subject Residential Premises with Defendant Gruman.

77.     Upon information and belief, on or about April 1, 2013, Minor Plaintiff's parents
took possession of the Subject Residential Premises and moved into Subject Residential Premises
along with Minor Plaintiff.

78.     At all relevant times, upon information and belief, Defendant Gruman retained the
right to enter the Subject Residential Premises.

79.     During the period of tenancy of the Subject Residential Premises, beginning in on
or about April 1, 2013, Defendant Gruman, his agents, servants and/or employees had actual
and/or constructive knowledge that a child under the age of seven (7) resided, and/or spent a
substantial amount of time in the Subject Residential Premises.

80.     Upon information and belief, at all relevant times, the Subject Residential Premises contained peeling, chipped and deteriorated lead-based paint and lead-based paint dust on interior surfaces throughout the apartment, with lead concentrations that were dangerous, hazardous, and detrimental to the health of the occupants, and that exceeded Federal, State and/or Local regulatory limits.

81.     During the period of tenancy of the Subject Residential Premises, beginning on or about April 1, 2013, Minor Plaintiff was exposed to peeling, chipped, and deteriorated lead-based paint and lead-based paint dust.

**COUNT I**
**42 U.S.C § 1983 – 14th AMENDMENT**
**SUBSTANTIVE DUE PROCESS – STATE CREATED DANGER**
**AGAINST DEFENDANTS CITY OF PHILADELPHIA, CAROLINE JOHNSON,**
**SCHOOL DISTRICT OF PHILADEPHIA, WATSON T. COMLY SCHOOL,**
**KATE SYLVESTER AND FRANCINE LOCKE**

82.     Minor Plaintiff incorporates by reference the facts and allegations set forth in all foregoing paragraphs as if fully set forth herein.

83.     Plaintiff has a clearly established right under the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution to be protected from risks, dangers, dangerous situations, or being made more vulnerable to increased risk of harms, affirmatively created and/or caused by persons acting under color of state law.

84.     The City Defendants, together with the School Defendants, while acting under color of state law, affirmatively created or exacerbated the dangers and dangerous situations to which Minor Plaintiff was exposed, making him more vulnerable to said dangers.

85.     The City Defendants and the School Defendants, while acting under color of state

13

law, affirmatively continued, increased and perpetuated the dangers, risk of harm, and dangerous situations creating the public health crisis, when they deliberately and affirmatively ignored and concealed said known dangers and risks of harm to which they exposed Minor Plaintiff, making him more vulnerable to said dangers.

86.    Defendants were aware that their conduct could result in the deprivation of Plaintiff's due process rights to be protected from the dangers, dangerous conditions, or being made more vulnerable to the dangers affirmatively created and perpetuated by them.

87.    This conduct was reckless, deliberately indifferent, and/or so outrageous as to shock the conscious, insofar as Defendants knew of and disregarded the substantial risk of serious harm to Plaintiff.

88.    Defendants were not faced with an emergency or decision involving difficult competing interests when they made the decision year after year to expose young children, including Minor Plaintiff, to a known and predictable danger without their knowledge.   Thus, Defendants' conduct was entered into after the opportunity for cool reflection and shocks the conscious.

89.    The dangers and risks of harm to Plaintiff from the ongoing exposure to lead-based paint and lead-based paint hazards, which were created and perpetuated by Defendants, were so extreme as to be equivalent to private acts of violence visited upon Minor Plaintiff.

90.    The actions of Defendants, all under color of state law, constituted affirmative acts that caused or substantially increased the risks of physical, emotional and economic harm to Minor Plaintiff.

91.    As a direct and proximate result of the aforesaid unconstitutional acts of

Defendants, which through the making of state created danger, violated Plaintiff's fundamental property and/or liberty rights, as alleged herein.   Plaintiff suffered extensive damages, including but not limited to: serious, irreversible and permanent bodily injury; substantial economic loss from medical expenses, lose wages, lost income, lost or impaired earning capacity, among others; pain and suffering; embarrassment, outrage, mental anguish, fear and mortification, denial of social pleasures, and stress related symptoms.

92.      The City Defendants and the School Defendants are sued in their official and individual capacities for violating Plaintiff's clearly established rights to substantive due process and to be free from state created dangers.

93.      The conduct of Defendants was reckless and outrageous, entitling Plaintiff to an award of punitive damages, as well as costs and reasonable attorney fees, pursuant to 42 U.S.C. §1988.

<u>**COUNT II**</u>
<u>**42 U.S.C. § 1983 – 14TH AMENDMENT**</u>
<u>**SUBSTANTIVE DUE PROCESS – BODILY INTEGRITY**</u>
<u>**AGAINST DEFENDANTS CITY OF PHILADELPHIA, CAROLINE JOHNSON,**</u>
<u>**SCHOOL DISTRICT OF PHILADLEPHIA, WATSON T. COMLY SCHOOL,**</u>
<u>**KATE SYLVESTER AND FRANCINE LOCKE**</u>

94.      Plaintiff incorporates by reference the allegations and facts contained in all prior paragraphs as if fully set forth herein.

95.      Plaintiff has a clearly established fundamental right under the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution to bodily integrity.

96.      The conduct of Defendants, all while acting under color of law, endangered and/or threatened Plaintiff's fundamental liberty interest to bodily integrity as guaranteed by the Due

Process Clause of the Fourteenth Amendment to the United States Constitution.

97.     Defendants were aware that their conduct could result in the deprivation of Plaintiff's fundamental due process rights to bodily integrity.

98.     Defendants deliberately and knowingly breached the constitutionally protected bodily integrity of Plaintiffs by failing to disclose the presence of known hazards and/or hazards of which Defendants should have discovered by the exercise of reasonable diligence, and by creating and perpetuating a policy of deceit.

99.     The conduct of Defendants was reckless and outrageous, entitling Plaintiff to an award of punitive damages, as well as costs and reasonable attorney fees, pursuant to 42 U.S.C. §1988.

**COUNT III**
**NEGLIGENCE/RECKLESSNESS**
**BY PLAINTIFF AGAINST DEFENDANTS CITY OF PHILADELPHIA, CAROLINE JOHNSON, SCHOOL DISTRICT OF PHILADELPHIA, WATSON T. COMLY SCHOOL, KATE SYLVESTER AND FRANCINE LOCKE**

100.    Plaintiff incorporates all preceding paragraphs as is fully set forth herein.

101.    Plaintiff alleges that he was harmed as a direct and proximate result of the negligent and/or reckless conduct of Defendants.

102.    Defendants were negligent and/or reckless in the following respects:

1.     Knowing of the dangerous condition and permitting children, including Minor Plaintiff, to occupy the Subject School Premises;

2.     Failing to warn of the dangerous and hazardous condition;

3.     Failing to regularly and properly inspect and maintain the Subject School Premises;

4.     Failing to test the chipped and peeling paint for lead;

16

5.      Failing to remove the chipped and peeling paint and in other ways acting in a careless and negligent manner;

6.      Failing to adequately and properly remove the dangerous and hazardous materials, more specifically lead based paint, from the Subject School Premises when Defendants knew, or should have known, of the dangerous propensities of said paint and the harmful effect it would have on children, including Minor Plaintiff;

7.      Failing to take reasonable, sufficient, and proper precautions reasonably calculated to protect persons such as the Minor Plaintiff, to warn them of the inherently dangerous, deleterious, ultra-hazardous, poisonous, and otherwise highly harmful effect of ingestion, inhalation, absorption, and exposure to lead based paint chips and dust;

8.      Having actual and/or constructive knowledge, from the inception and through the Minor Plaintiff's enrollment and attendance of the Subject School Premises, that minor children occupied the Subject School Premises and are susceptible to irreparable injury from lead paint poisoning;

9.      Having actual and/or constructive knowledge, from the inception and through the Minor Plaintiffs' enrollment and attendance of the Subject School Premises, that the Subject School Premises had a level of lead in the paint, plaster, and/or other accessible materials on the interior and exterior surfaces which was hazardous to the health and well-being of the Minor Plaintiff;

10.      Carelessly and negligently removing and/or attempting to remove or correct the condition caused by the dangerous levels of lead paint present on

17

the interior and exterior surfaces of the Subject School Premises and/or failing to remove or correct said dangerous condition in a prompt, proper, safe, and effective manner;

11.     Failing to timely relocate all students from the Subject School Premises, including Minor Plaintiff, during renovation, remediation, and abatement of the dangerous levels of lead paint present on the interior and exterior surfaces of the Subject School Premises.

103.     The aforesaid liability producing conduct of Defendants, both individually and jointly, is governed by the "real property exception" to municipal immunity laws of the Commonwealth of Pennsylvania pursuant to 42 Pa. C.S.A. 8542 regarding the care, custody or control of real property in the possession of Defendants.

104.     As a direct, foreseeable, and immediate result of the foregoing, Minor Plaintiff was caused to and did sustain severe and permanent personal injuries and was required to seek and obtain painful and repeated medical examinations, tests, and treatments, which caused him and continues to cause him suffering and interruptions of his ordinary daily life and intellectual development, as well as post, present, and future anxiety, pain, mental, and emotional distress and fear.

105.     As a direct, foreseeable, and proximate result of Defendants' actions and/or omissions, Minor Plaintiff has been lead poisoned and has suffered past, present, and future personal injuries, including but not limited to: various health problems (including, but not limited to hair, skin, digestive and other organ problems), physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries

including, but not limited to cognitive deficits, neurological, physiological, and psychological damages, and lost earning capacity.

106.    The aforesaid occurrence and the injuries sustained by Minor Plaintiff were directly and proximately caused by the negligence and/or recklessness of Defendants.


## COUNT III
## NEGLIGENCE/RECKLESSNESS
## BY PLAINTIFF AGAINST DEFENDANT MICHAEL GRUMAN

107.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

108.    Plaintiff alleges that he suffered harm while a tenant at the Subject Residential Premises as a result of careless, negligent and/or reckless conduct of Defendant Gruman.

109.    Regarding the Subject Residential Premises, all of the acts and/or omissions alleged to have been done by Defendant Gruman, were done by Defendant Gruman and/or his agents, servants, workmen and/or employees acting within the scope of their employment on behalf of said Defendant.

110.    At all relevant times, Defendant, Michael Gruman, was acting as a property owner/manager with complete and exclusive control of the Subject Residential Premises and owed a duty to Plaintiff to ensure the Subject Residential Premises was safe for habitation.

111.    Defendant Gruman was negligent and/or reckless in the following respects:

1.    Permitting Minor Plaintiff's parents to move into the Subject Residential Premises knowing that children, such as Minor Plaintiff, would be living in said premises and would be exposed to hazardous lead based paint;

2.     Knowing of the dangerous condition prior to leasing said premises;

3.     Knowing of the dangerous condition and permitted children to reside in the Subject Residential Premises;

4.     Failing to warn of the dangerous and hazardous condition;

5.     Failing to regularly and properly inspect and maintain the Subject Residential Premises;

6.     Failing to test the chipped and peeling paint for lead;

7.     Failing to remove the chipped and peeling paint and in other ways acting in a careless and negligent manner;

8.     Failing to adequately and properly remove the dangerous and hazardous materials, more specifically lead based paint, from the leased premises when Defendant, Michael Gruman, knew, or should have known, of the dangerous propensities of said paint and the harmful effect it would have on the Minor Plaintiff;

9.     Failing to take reasonable, sufficient, and proper precautions reasonably calculated to protect persons such as the Minor Plaintiff, to warn them of the inherently dangerous, deleterious, ultra-hazardous, poisonous, and otherwise highly harmful effect of ingestion, inhalation, absorption, and exposure to lead based paint chips and dust;

10.    Carelessly and negligently/recklessly attempting to removing and/or attempting to remove or correct the condition caused by the dangerous levels of lead paint present on the interior and exterior surfaces of the Subject Residential

Premises and/or failing to remove or correct said dangerous condition in a prompt, proper, safe, and effective manner;

11.     Failing to timely hire and/or contract with an EPA Certified Renovation, Repair, and Painting Contractor to remove or correct the condition caused by the dangerous levels of lead paint present on the interior and exterior surfaces of the Subject Residential Premises, in accordance with local, state, and/or federal law; and

12.     Failing to timely relocate all occupants of the Subject Residential Premises, including Minor Plaintiff, during renovation, remediation, and abatement of the dangerous levels of lead paint present on the interior and exterior surfaces of the Subject Residential Premise

112.     As a result of Defendant Gruman's, and/or his agents', servants' and/or employees' aforementioned negligence and/or recklessness, Minor Plaintiff was exposed to and caused to inhale and ingest lead-based paint and lead-based paint dust thereby causing him to sustain severe injuries as hereinafter set forth.

113.     As a direct, foreseeable, and immediate result of the foregoing, Minor Plaintiff was caused to and did sustain severe and permanent personal injuries and was required to seek and obtain painful and repeated medical examinations, tests, and treatments, which caused him and continues to cause him suffering and interruptions of his ordinary daily life and intellectual development, as well as post, present, and future anxiety, pain, mental, and emotional distress and fear.

114.     As a direct, foreseeable, and proximate result of Defendant's actions and/or omissions, Minor Plaintiff has been lead poisoned and has suffered past, present, and future

personal injuries, including but not limited to: various health problems (including, but not limited to hair, skin, digestive and other organ problems), physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries including, but not limited to cognitive deficits, neurological, physiological, and psychological damages, and lost earning capacity.

115.   The aforesaid occurrence and the injuries sustained by Minor Plaintiff were directly and proximately caused by the negligence and/or recklessness Defendant, Michael Gruman.

## RELIEF REQUESTED

WHEREFORE, Plaintiff request that judgment be entered against Defendants, ordering:

a. Plaintiffs is awarded compensatory, punitive, and exemplary damages;

b. Plaintiff is awarded pre-judgment and post-judgment interest;

c. Defendants pay Plaintiff's reasonable costs and attorneys' fees; and

d. All other relief the court deems necessary and equitable.

## JURY DEMAND

A trial by jury is hereby demanded.

Dated: December 10, 2019

LEVY KONIGSBERG LLP

By:   /s/ D. Alexander Latanision
D. Alexander Latanision, Esq.

*alatanision@levylaw.com*

800 Third Ave., 11th Floor
New York, NY 10022
Phone:   (212) 605-6200
Fax:   (212) 605-6290

GREEN AND SCHAFLE
*/s/ Adam Green*
Adam Green, Esq.

Stephen M. Specht, Esq.
100 S. Broad Street
Suite 1218
Philadelphia, PA 19110

*Attorneys for Minor Plaintiff, D.P.*

24