**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **D.P., a minor by his p/n/g, CRISTINE and DAVID PAGAN,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5799** |
| | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of the Defendants the City of Philadelphia and Deputy Commissioner Caroline Johnson's Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims against the City of Philadelphia and Deputy Commissioner Caroline Johnson are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| D.P., a minor by his p/n/g, CRISTINE and DAVID PAGAN, | : |
|                        **Plaintiffs,** | : |

D.P., a minor by his p/n/g, CRISTINE and
DAVID PAGAN,

         **Plaintiffs,**

     **v.**

SCHOOL DISTRICT OF
PHILADELPHIA, et al.,

         **Defendants.**

**Civil Action
No. 19-5799**

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia ("City") and Deputy Commissioner Caroline Johnson, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendants incorporate the attached Memorandum of Law.  Defendants respectfully request that this Court dismiss the claims asserted against them in Plaintiff's Complaint, with prejudice.

Date:  March 18, 2020                    Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **D.P., a minor by his p/n/g, CRISTINE and DAVID PAGAN,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5799** |
| | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff D.P., a minor by his parents and natural guardians, Cristine and David Pagan, "(Plaintiff"), has disregarded established Third Circuit case law by suing the City of Philadelphia ("City") and Deputy Commissioner Caroline Johnson ("City Defendants") under 42. U.S.C. § 1983 without making sufficient factual allegations regarding a municipal policy or custom that was the moving force behind the constitutional violations alleged. Plaintiff has also failed to allege that the City Defendants caused the harm alleged to Plaintiff. Further, Deputy Commissioner Johnson is entitled to qualified immunity in this case. Finally, the Tort Claims Act bars Plaintiff's remaining state law claims against the City Defendants. Accordingly, the Court should dismiss Plaintiff's claim against moving Defendants with prejudice.

## I.    STATEMENT OF ALLEGED FACTS

Plaintiff instituted the present federal action on December 10, 2019. ECF Doc. 1, Complaint ("Cmplt.). Plaintiff has sued the School District of Philadelphia ("SDP"), Watson T. Comly School, Principal Kate Sylvester, Environmental Director Francine Locke, the City of

Philadelphia, Deputy Commissioner Caroline Johnson and Michael Gruman, Plaintiff's private landlord. As noted by the School District Defendants, Plaintiff had previously filed a lawsuit in the Philadelphia Court of Common Pleas on April 16, 2018. *See* ECF Doc. 5, Exhibit B. In that suit, Plaintiff did not name the City or Deputy Commissioner Johnson as defendants. *Id.* Plaintiff voluntarily discontinued his suit on September 12, 2019. *Id*. at p. 6.

Plaintiff's federal Complaint alleges that the City and Deputy Commissioner Caroline Johnson ("City Defendants") violated Plaintiff's "substantive due process rights, including his fundamental right to not have the state create, inflict and/or exacerbate dangers through the culpable actions of public officials." Cmplt. at ¶ 4. It further alleges that the City Defendants violated Plaintiff's "substantive due process rights, including his fundamental right to not have his bodily integrity violated." *Id.* at ¶ 5. Finally, Plaintiff claims that the City Defendants' negligence allowed "Minor Plaintiff to occupy a school environment which [they] knew or should have known was contaminated with toxic lead-based paint." *Id.* at ¶ 6.

The Complaint's only allegations relating to Deputy Commissioner Caroline Johnson allege conduct that occurred *after* Plaintiff ingested lead paint and tested positive for lead poisoning. Plaintiff claims that on November 15, 2017, two days after his hospitalization, Philadelphia Department of Health Deputy Commissioner Johnson was informed by Defendant Francine Locke that a student was suffering from lead poisoning. *Id.* at ¶¶ 56, 57, 61. Plaintiff alleges that Ms. Locke told Deputy Commissioner Johnson that (1) a teacher had observed the student eating paint chips in his classroom; (2) the student tested positive for lead poisoning; and (3) the student was displaying behavioral issues that could be associated with lead exposure. *Id.* at ¶ 62. Finally, Ms. Locke also informed the Deputy Commissioner that the entire first grade class had been relocated to a different room. *Id.* at ¶ 63. Plaintiff alleges that when asked about

4

recommendations going forward, Deputy Commissioner Johnson replied, "I wouldn't notify the community yet. Not really clear if there is a problem." *Id.* at ¶ 64. The Complaint also baldly claims that Deputy Commissioner Johnson was "the policymaker for the City of Philadelphia within the meaning of *Monell* and as such her actions constituted customs, policies and/or practices of Defendant City of Philadelphia." *Id.* at ¶ 18.

Plaintiff brings three claims against the City Defendants[1]: a violation of his substantive due process rights under the state created danger theory of liability (Count I); a violation of his substantive due process rights under his right to bodily integrity (Count II); and state law torts of negligence/recklessness (Count III). The City Defendants now move to dismiss all claims asserted against them.

## II.    STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal

---

[1] Plaintiff has sued Deputy Commissioner Caroline Johnson in her individual and official capacities. Cmplt. at ¶ 18. Official capacities suits are simply another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, an official capacity suit should be treated as a suit against the government entity itself. *Id.* at 166. As the City is already a party to this action, this motion seeks to dismiss Plaintiff's § 1983 official capacity suit against the individual Defendant, Deputy Commissioner Johnson, with prejudice.

conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (citations and quotations omitted).

### III.   LEGAL ARGUMENT

### A.   Plaintiff's Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Plaintiff fails to allege a cognizable claim of municipal liability against the City under § 1983. A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior* theory of liability. In order to prevail against the City of Philadelphia, Plaintiff must prove that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

*Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*.

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  Instead, plaintiff must prove that the municipality's alleged unconstitutional practices are "so widespread as to have the force of law." *Monell*, 436 U.S. at 694; *Board of County Commrs. Of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

Here, Plaintiff fails to adequately plead a municipal liability claim under § 1983 for multiple reasons.  First, Plaintiff fails to allege a constitutional violation by Deputy Commissioner Johnson or the City of Philadelphia.  Second, Plaintiff's Complaint includes no supporting factual allegations of a municipal policy or custom.

### 1. Plaintiff Fails to Allege a Constitutional Violation by the City Defendants.

At the outset, Plaintiff fails to even allege that the City Defendants violated his constitutional rights.  As noted by the School District Defendants and conceded by Plaintiff, there is no distinction between substantive due process claims brought under the state created danger doctrine and the bodily integrity doctrine.  *See Dorley v. S. Fayette Twp. School District*, 129 F. Supp. 2d 220, 231 (W.D. Pa. 2015), citing *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 235 (3d Cir. 2008); *see also* ECF Doc. 12 at p. 8 (conceding the two claims are indistinguishable). Accordingly, the Court should dismiss Count II against the City Defendants as duplicative.

Thus, Plaintiff's remaining § 1983 claim against the City Defendants is that they subjected Plaintiff to a state created danger.  Significantly, the City and the School District are two separate and independent entities. *See* Philadelphia Home Rule Charter Art. XII § 12-100; *see also* 24 Pa. Cons. Stat. § 6-696 (authorizing the creation of state-appointed school reform commissions for financially distressed school districts); *see also Cmty. Acad. of Phila. Charter Sch. v. Phila. Sch.*

*Dist. Sch. Reform Comm'n*, 65 A.3d 1023, 1024, 1024 n.2 (Pa. Commw. Ct. 2013) (noting that § 6-696 applies to School District).  At the time Plaintiff alleges he was exposed to lead paint in school in 2017, the School District was governed by the School Reform Commission (SRC"), an entity of the Commonwealth.  To the extent Plaintiff is seeking to hold the City liable for actions taken by the School District, such a claim must fail.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish the existence of personal involvement by the defendant.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, it is clear that Plaintiff has failed to allege how Deputy Commissioner Johnson or the City of Philadelphia were personally involved in the alleged state created danger that caused him to suffer lead poisoning.  The only conduct that Plaintiff arguably alleges that is attributable to the City Defendants occurred *well after* Minor Plaintiff ingested lead paint chips and tested positive for leading poisoning.  Plaintiff claims that, after being apprised of the situation and Plaintiff's positive test result, Deputy Commissioner Johnson told Ms. Locke she did not recommend notifying the community yet.  Plaintiff fails to explain how such alleged conduct caused him any constitutional harm.  Rather, Plaintiff seeks to hold the City Defendants liable for conduct that has no causal relationship to the constitutional violations he has alleged.

Thus, the Court should find that Plaintiff has failed to allege a constitutional violation against the City Defendants, and dismiss the § 1983 state created danger claim against them.

### 2. Plaintiff's *Monell* Claims Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should also dismiss Plaintiff's *Monell* claim against the City because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom

as required under *Monell*.  Plaintiff's Complaint includes one sentence that states, "Defendant Johnson was a policymaker for the City of Philadelphia within the meaning of *Monell* and as such her actions constituted the customs, policies and/or practices of Defendant City of Philadelphia." Cmplt. at ¶ 18.  Such an allegation simply parrots the legal standard for municipal liability without pleading any actual facts that support that claim.  The remainder of the Complaint includes no factual averments regarding a City policy, practice or custom that was the moving force behind a constitutional violation.

Such a vague and general single allegation fails to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss."  *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013).  Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom."  *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* allegation, which includes only one sentence, include no such factual allegations.  *See* Cmplt. at ¶ 18.  Accordingly, the Court should dismiss Plaintiff's § 1983 claim against the City.  *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any

facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at \*5 (dismissing *Monell* claim for failure to plead specific facts).

**B.  Deputy Commissioner Caroline Johnson is Entitled to Qualified Immunity.**

Furthermore, Deputy Commissioner Caroline Johnson is entitled to qualified immunity.  In assessing whether an individual is entitled to qualified immunity, the Court uses a two-prong test. First, the court must "decide whether the facts . . . shown . . . make out a violation of a constitutional right."  *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)).  Second, the court must determine "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 816 (quoting *Saucier*, 533 U.S. at 201).  Here, Deputy Commissioner Johnson is entitled to qualified immunity because, as discussed *supra*, Plaintiff has failed to allege a constitutional violation by the Deputy Commissioner.

Even if the Court were to find that a constitutional violation had been adequately alleged, qualified immunity shields officials from liability unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct."  *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted) (reversing district court and dismissing case based on qualified immunity).   A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right."  *See Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (citations and quotations omitted) (emphasis added).  The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005) (quoting *Hunter v. Bryant,* 502

10

U.S. 224, 229, 112 S. Ct. 534 (1991) (internal quotations omitted).

Here, the only allegations lodged against Deputy Commissioner Johnson are that, after Minor Plaintiff tested positive for lead poisoning, she was apprised of the situation and advised against alerting the community because it was unclear if there was a problem at that juncture.  *See* Cmplt. at ¶¶ 61-64.  Defendant is unaware of any case law that clearly establishes that such a statement, given in the circumstances that Deputy Commissioner Johnson encountered, constitutes a constitutional violation.  A reasonable official in Deputy Commissioner Johnson's position would not have understood that this recommendation violated Minor Plaintiff's rights, particularly *after* he had tested positive for lead poisoning.  Furthermore, as noted by the Third Circuit, qualified immunity exists for situations precisely like this, where an official is given "ample room for mistaken judgments."  *Gilles*, 427 F.3d at 203.  Accordingly, Deputy Commissioner Johnson is entitled to qualified immunity in this case and the § 1983 claim against her should be dismissed with prejudice. .

### C.  Plaintiff's Remaining State Law Claims are Barred by the Tort Claims Act.

Plaintiff also alleges the following state law claims against the City Defendants: "negligence/recklessness." *See* Cmplt. Count III at ¶¶ 100-106.  These claims should dismissed with prejudice pursuant to the Tort Claims Act.

The Tort Claims Act generally bars individuals from suing municipalities. *See* 42 Pa. Cons. Stat. § 8541. Although section 8542(b) of the Tort Claims Act creates a narrow exception to this immunity, this exception only applies if a plaintiff's "injury was caused by . . . *negligent* acts." *See* 42 Pa. Cons. Stat. § 8542(a)(2) (emphasis added); *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Commw. Ct. 2014) (holding that the Tort Claims Act only permits suits against

municipalities for "negligent acts"); *see also Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 636 (E.D. Pa. 2006) ("The exceptions in section 8542 apply only where the injury was caused by the *negligent acts* of the local agency or an employee thereof[.]") (emphases added) (internal quotations omitted).  Thus, Plaintiff's claim of recklessness against the City must be dismissed.

With regards to Plaintiff's claim of negligence, the City may only be held liable for negligent acts which fall into the eight categories outlined in the Act.  42 PA. CONS. STAT. ANN. § 8542(b).  The Act allows negligent acts which fall into the below categories:

> (a)  *Acts which may impose liability.*  The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> > (1) *Vehicle liability.*-- . . .;
> >
> > (2) *Care, custody or control of personal property.*-- . . .;
> >
> > (3) *Real property.*-- . . .;
> >
> > (4) *Trees, traffic controls, and street lighting.*-- . . .;
> >
> > (5) *Utility service facilities.*-- . . .;
> >
> > (6) *Streets.*--. . .;
> >
> > (7) *Sidewalks.*--. . .; and
> >
> > (8) *Care, custody and control of animal.* --. . . .

42 Pa. Cons. Stat. Ann. § 8542 (emphasis added).

These eight exceptions to immunity must be narrowly interpreted, given the express legislative intent to insulate local governments or political subdivisions from tort liability. *Lockwood v. City of Pittsburgh*, 751 A.2d 1136 (Pa. 2000); *Snyder v. Harmon*, 562 A.2d 307 (Pa. 1989); *Love v. City of Philadelphia*, 543 A.2d 531 (Pa. 1988); *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987).  Here, Plaintiff alleges his claims are governed by the "real property exception" to the Tort Claims Act.  Cmplt at ¶ 103.  However, as explained *supra*, the City and

the School District are two separate entities.  There is no allegation that City owned or operated the property in question, so as to create an exception to the Tort Claims Act's prohibition of negligence claims.  Therefore, Plaintiff's negligence claim should be dismissed against the City.

Plaintiff's negligence/recklessness claims against Deputy Commissioner Johnson should also be dismissed.  First, employees of the City of Philadelphia are liable for civil damages in their official capacities only to the same extent as the City.  *See Palmer v. Bartosh*, 959 A.2d 508, 512 n. 3 (Pa. Commw. 2008).  Thus, all state law claims brought against Deputy Commissioner Johnson in her official capacity are effectively brought against the City and should be dismissed for the reasons set forth *supra*.

Additionally, the Court should dismiss Plaintiff's negligence/recklessness claim against Deputy Commissioner Johnson in her individual capacity, because state law immunizes individual public servants from civil liability unless they act with "willful misconduct." *See* 42 Pa. Cons. Stat. § 8550 (emphasis added). Given this standard, courts must dismiss a claim against a municipal employee unless that claim alleges that the employee "acted with even more than gross negligence or recklessness." *See McNeal v. City of Easton*, 598 A.2d 638, 642 (Pa. Commw. Ct. 1991). Accordingly, Plaintiff's negligence/recklessness claim against Deputy Commissioner Johnson, in her individual capacity, should also be dismissed with prejudice.

## IV.   CONCLUSION

Plaintiff has failed to set forth sufficient factual allegations to support his § 1983 claims against the City of Philadelphia and Deputy Commissioner Caroline Johnson.  Furthermore, Deputy Commissioner Johnson is entitled to qualified immunity in the case.  Finally, Plaintiff's remaining state law claims are barred by the Tort Claims Act.  For the reasons set forth above, the

City of Philadelphia and Deputy Commissioner Caroline Johnson respectfully requests that this

Court grant the instant motion and dismiss Plaintiff's Complaint against them with prejudice.


Date:  March 18, 2020                                    Respectfully submitted,


                                                        */s/ Shannon Zabel*
                                                        Shannon Zabel
                                                        Assistant City Solicitor
                                                        Pa. Attorney ID No. 321222
                                                        City of Philadelphia Law Department
                                                        1515 Arch Street, 14th Floor
                                                        Philadelphia, PA 19102
                                                        215-683-5114 (phone)
                                                        215-683-5397 (fax)
                                                        shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| D.P., a minor by his p/n/g, CRISTINE and DAVID PAGAN, | : | |
| Plaintiffs, | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-5799** |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion to Dismiss Plaintiff's Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date:  March 18, 2020

Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Attorney Identification No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5114
shannon.zabel@phila.gov