| | |
|---|---|
| **GREEN & SCHAFLE, LLC**<br>BY:   ADAM GREEN, ESQUIRE<br>         STEPHEN M. SPECHT, ESQUIRE<br>         Identification Nos. 93060/326398<br>2332 South Broad Street<br>Philadelphia, PA 19145<br>Tel: 215-462-3330<br>Fax: 215-567-1941<br>agreen@greenlegalteam.com<br>sspecht@greenlegalteam.com | **ATTORNEYS FOR PLAINTIFFS** |

| | |
|---|---|
| D.P., a minor by his parents and natural guardians, CRISTINE and DAVID PAGAN,<br><br>              Plaintiff<br><br>    v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA, CITY OF PHILADELPHIA, WATSON T. COMLY SCHOOL, KATE SYLVESTER, CAROLINE JOHNSON, FRANCINE LOCKE, and MICHAEL GRUMAN,<br><br>             Defendants. | CIVIL ACTION<br><br>No.  2:19-cv-05799<br><br><br>JURY TRIAL DEMANDED |

## PETITION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF MINOR'S COMPROMISE

**TO THE HONORABLE JUDGES OF THE SAID COURT:**

The Petition by CRISTINE and DAVID PAGAN, the parents and natural guardians of ▮▮▮▮▮▮▮▮▮▮ a minor, by their attorneys, GREEN & SCHAFLE, LLC, respectfully represents:

1. Petitioners are CRISTINE and DAVID PAGAN, parents and natural guardians of ▮▮▮▮▮▮▮▮▮▮ a minor.

2. Minor-Plaintiff is 11 years old having been born on ▇▇▇▇ and his Social Security Number is ▇▇▇▇.

3. The Minor-Plaintiff's parents are CRISTINE and DAVID PAGAN, who reside at ▇▇▇▇ Ambler, PA ▇▇▇.

4. The Minor-Plaintiff currently resides with his parents and natural guardians, CRISTINE and DAVID PAGAN, at ▇▇▇▇ Ambler, PA ▇▇▇.

5. A guardian was not appointed for the Minor-Plaintiff.

6. The Defendants are SCHOOL DISTRICT OF PHILADELPHIA, WATSON T. COMLY SCHOOL, KATE SYLVESTER, and FRANCINE LOCKE. At all times material hereto, Defendants, KATE SYLVESTER and FRANCINE LOCKE, were employees and/or agents of Defendants, SCHOOL DISTRICT OF PHILADELPHIA and WATSON T. COMLY SCHOOL.

7. In the fall of 2017, Minor Plaintiff was enrolled in the first grade at the Watson T. Comly Elementary School in the School District of Philadelphia. At sometime between the beginning of September 2017 and early November 2017, Minor Plaintiff's first grade teacher observed Minor Plaintiff to be eating paint chips that had fallen from the ceiling of Classroom 202 in the Watson Comly School. Minor-Plaintiff's parents were notified concerning this situation and Minor-Plaintiff began receiving medical treatment on November 8, 2017. On November 13, 2017, Minor Plaintiff was tested and found to have an extremely high blood lead level of 46 μg/dL (micrograms of lead per deciliter of blood). On that same day, Minor Plaintiff was admitted to St. Christopher's Hospital for Children in Philadelphia, Pennsylvania due to lead toxicity.

8. On April 16, 2018, a Civil Action Complaint, with a Docket number of 180402104, was filed against School District of Philadelphia, School Reform Commission, and Watson Comly School, and Michael Gruman. This Complaint was ultimately withdrawn.

9. On December 10, 2019, Minor-Plaintiff and his Parents filed a Civil Action Complaint with this Court, docketed at 2:19-cv-05799, against SCHOOL DISTRICT OF PHILADELPHIA, CITY OF PHILADELPHIA, WATSON T. COMLY SCHOOL, KATE SYLVESTER, CAROLINE JOHNSON, FRANCINE LOCKE, and MICHAEL GRUMAN, in which Minor-Plaintiff and his parents alleged that Defendants, SCHOOL DISTRICT OF PHILADELPHIA, KATE SYLVESTER, FRANCINE LOCKE, and WATSON T. COMLY ELEMENTARY SCHOOL (the "School District Defendants"), and Defendants, CITY OF PHILADELPHIA and CAROLINE JOHNSON (the "City Defendants") are liable under 42 U.S.C. § 1983 for creating or exacerbating Minor Plaintiff's dangerous exposure to lead-based paint, thereby violating Plaintiffs' substantive due process rights. *See* Plaintiff's Compl. ¶¶ 82–99. Additionally, Plaintiffs alleged common law negligence and/or recklessness claims against the School District Defendants, the City Defendants, and Defendant, MICHAEL GRUMAN, for allowing Minor Plaintiff to occupy buildings contaminated with lead-based paint. *See* Plaintiff's Compl. ¶¶ 100–115.

10. On October 28, 2020, this Honorable Court dismissed the City of Philadelphia Defendants and Defendant, Michael Gruman, and allowed Minor-Plaintiff and his Parents to proceed with Count I against the School District of Philadelphia and Comly Elementary School; and Count III against the School District Defendants. *See* Doc. 19.

11. Plaintiffs allege that as a direct result of his exposure to, and ingestion and/or

inhalation of, lead-based paint and lead-based paint dust due to the alleged negligence, carelessness, and/or recklessness of Defendants, Minor Plaintiff was diagnosed with *inter alia* lead toxicity and/or lead poisoning, having elevated blood lead levels at or above 46 mcg/dL. *See* Plaintiff's Compl. ¶¶ 56-57.

12. Throughout the litigation, the School District Defendants have vigorously contested liability and causation.

13. Minor-Plaintiff's medical records were reviewed and Minor-Plaintiff was examined by a child psychologist, a pediatrician, and an economist who together opined that the Minor-Plaintiff's lead exposure would likely have an adverse impact on his cognitive development and future income potential. *See* Reports of William Bithoney, M.D., Gary Crakes Ph.D., and Edward Hoffman, Ph.D., attached hereto as Exhibits "A-C."

14. Defendants retained Dr. David Massiri, and he opined that Minor-Plaintiff's lead exposure did not have an adverse impact on his cognitive development and future potential. *See* Report of David Massari, M.D., attached hereto as Exhibit "D"

15. Attached hereto is a statement, under oath, of the Minor-Plaintiff's parents, certifying the physical and/or mental condition of Minor-Plaintiff, as well as the parents' approval of the proposed settlement and distribution. *See* Exhibit "E".

16. The following settlement has been proposed: The School District Defendants herein have offered the sum of two-hundred and sixty-five thousand dollars ($265,000.00) in settlement of the claims by Plaintiffs, CRISTINE PAGAN and DAVID PAGAN, individually, and as Parents and Natural Guardians of Minor-Plaintiff, ▮▮▮▮▮▮▮▮ and which the Plaintiffs, CRISTINE PAGAN and DAVID PAGAN, consider to be fair and reasonable based on

a variety of considerations, including the facts of the case and the inherent risks and uncertainties attendant to any jury trial. *See* Proposed Release attached hereto as Exhibit "F".

17. Counsel is of the professional opinion that the proposed settlement is fair and reasonable in view of the facts of this case, and the inherent risks and uncertainties attendant to any jury trial. *See* Verification of Counsel attached hereto as Exhibit "G".

18. The Pennsylvania Department of Human Services (f/k/a the Department of Public Welfare) paid medical benefits in the amount of $5,604.42 related to the injuries sustained by Minor-Plaintiff.

19. Counsel for Plaintiff has contacted the Pennsylvania Department of Human Services and Pennsylvania Department of Human Services has reduced/compromised the claim or lien; and now is asserting a claim or lien for payment of related medical expenses to Minor-Plaintiff in the amount of $3,299.71, which must be paid from the proceeds of the settlement. *See* DPW Statement of Claim attached hereto as Exhibit "H".

20. Litigation costs in the amount of $ 20,561.75 were incurred by counsel in the prosecution of Minor-Plaintiff's claims, for which reimbursement is sought.[1] A detailed itemization and accounting of these expenses is attached as Exhibit "I". Importantly, all costs represent expenses that are specific to this litigation; none are attributable to the undersigned law firms' general overhead expenses. Given the complexity of the liability and medical issues involved in the case, a substantial portion of the litigation costs were incurred in connection with

---

[1] The submitted costs represent case-specific litigation costs incurred by Green & Schafle, LLC and LEVY KONIGBERG, LLP, and posted as of the filing of the instant Petition. Reimbursement for additional costs prior to the final distribution of all settlement proceeds, if any, is also sought.

expert consultation, including the reproduction cost of the voluminous file materials necessary to the formulation of the experts' opinions and fees for time spent by medical and liability experts reviewing the file materials, formulating their opinions, consulting with counsel and drafting three (3) total expert reports.

21. Undersigned counsel requests a fee in the sum of $ 80,379.51, which represents thirty-three and one-third (33⅓) percent of the net settlement payable to Minor-Plaintiff, after computation of expenses and liens.

22. The litigation expenses and liens have been deducted from the gross settlement prior to the deduction of attorneys' fees.

23. Counsel has not and will not receive collateral payments as counsel fees for representation involving the same matter from third parties (i.e. subrogation).

24. The net settlement payable to Minor-Plaintiff (after deduction of costs and attorney's fees) is $160,759.03. Minor's Portion of the Settlement will be deposited in Legacy Master Pooled Special Needs Trust ("Legacy Pooled SNT") f/b/o ▆▆▆▆▆▆▆▆.

25. Using the net Settlement Proceeds to fund a trust is in the best interest of the beneficiary, ▆▆▆▆▆▆▆ and not that of any other person.

26. Further, utilizing a pooled trust, rather than an individual trust, will allow for lower trustee fees, while still benefiting from the management skills and investment capabilities of a corporate trustee.

**WHEREFORE**, Petitioners request that they be permitted to enter into the settlement recited above and that the Court enter an Order setting forth distribution as follows:

TO:   Green & Schalfe, LLC and Levy Konigsberg, LLP,
              reimbursement for costs advanced                                    $ 20,561.75

| | | |
|---|---|---:|
| TO: | Department of Human Services (DHS or DPW) | $ 3,299.71 |
| TO: | Green & Schalfe, LLC and Levy Konigsberg, LLP, 33 ⅓% as counsel fee after deduction of liens and costs of litigation | $ 80,379.51 |
| TO: | Minor's Portion of the Settlement will be deposited in Legacy Pooled SNT f/b/o ▇▇▇ | $160,759.03 |
| | **TOTAL SETTLEMENT:** | **$265,000.00** |

Respectfully submitted,

**GREEN & SCHAFLE LLC**

Date: April 4, 2022

By: _____
Stephen M. Specht, Esquire
Identification No.: 326398
EMAIL: sspecht@greenlegalteam.com
ATTORNEYS FOR PLAINTIFF

## **VERIFICATION**

I, STEPHEN M. SPECHT, ESQUIRE, hereby states that he is the attorney for Minor Plaintiff in the within matter and verifies that the statements made in the foregoing Petition are true and correct to the best of his knowledge, information, and belief. The undersigned understands that the statement therein is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: April 4, 2022         By: _____
                                Stephen M. Specht, Esquire
                                Identification No.: 326398
                                EMAIL: sspecht@greenlegalteam.com
                                ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF MOTHER

I, Cristine Pagan, mother and natural guardian of Minor Plaintiff, D. P., hereby verifies that the statements made in the foregoing Petition are true and correct to the best of her knowledge, information, and belief. The undersigned understands that the statement therein is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date:  03 / 24 / 2022

_____
CRISTINE PAGAN

## VERIFICATION OF FATHER

I, David Pagan, father and natural guardian of Minor Plaintiff, D. P., hereby verifies that the statements made in the foregoing Petition are true and correct to the best of her knowledge, information, and belief. The undersigned understands that the statement therein is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date:  03 / 27 / 2022

_____
DAVID PAGAN